EMILY SLOAN *v.* F. P. STONE, ETC.

Wills—Devise to Wife to Use, Control and Possess—In Order to Raise and Educate Children—Advancements to Be Made—Life Estate—Construction.

"I will and bequeath the residue of my estate to my wife, to be used, controlled, managed and possessed by her, in order that she may be able to raise and educate our infant children. If any of our children shall become of lawful age and need some assistance during

the time that my wife retains all the estate, I want her to afford them such assistance as she may be able to do without inconvenience to herself, provided my wife shall at any time see proper to marry, then, in that case, my will is that she shall have one lawful third of my estate during her natural life, and after her death returned to my children."

Held, that the wife took a life estate only.

**Wills—Control and Use Does Not Invest Individual With Vendible Estate —Gift for the Benefit of Others at Disposal of Donor—Equity Will Declare Trust—Wants and Desires Imperative.**

The right to use, control and manage property is not enough to invest the individual with a vendible estate therein, nor to give the right to pledge or charge such property for the payment of donor's debts.

If a gift in a will is expressed to be for the benefit of another or to be at the disposal of the donee for herself and children, or towards her support and her family, equity will declare the trust and see that it is faithfully executed.

The term "want," which was used doubtless by the testator as synonymous with wish, is undoubtedly as imperative as the term desire, yet this word, when used in wills, is sufficient to indicate the intentions of the testator.

APPEAL FROM SPENCER CIRCUIT COURT.

April 28, 1871.

OPINION BY JUDGE LINDSAY:

The second item of the will of Edmond Sloan, deceased, is in these words: "I will and bequeath the residue of my estate both personal and real, that I now have, or have in expentency, to my wife Emily Sloan to be used, controlled, managed and possesed by her so long as she shall remain my widow. In order that she may be enabled to raise and educate our infant children. If any of our children shall become of lawful age and need some assistance during the time that my wife retains all the estate, I want her to afford them such assistance as she may be enabled to do without inconvenience to herself, provided my wife shall at any time see proper to marry, then in that case my will is that she shall have one lawful third of my estate during her natural life and after her death return to my children, and that the remainder be appropriated to the benefit of my children so as to make them as nearly equal as possible,

charging those that have received advancements with the amount received." The third item provides that if any of his slaves shall become disorderly or disobedient they shall be sold by his executors and the proceeds appropriated for the benefit of his estate in such manner as his said executors may deem most advantageaus.

It is insisted by the appellees who are judgment creditors of Mrs. Emily Sloan that she takes under this will a life estate in all the real property devised by her deceased husband and an absolute title to the personality, and that such estate can be legally subjected to the payment of their judgment, by levy and sale under execution. It seems evident that the testator desired that out of his estate his infant children should be reared and educated, and that whilst he was willing and anxious that his wife, so long as she remained his widow, should *use control, manage and possess* his entire property, still he wished her to advance to his children as they become of age as much as she could do without inconvenience to herself. It is further to be observed that although he entrusted the *control and management* of the property to his wife, he yet provides that in case it shall become necessary that a portion thereof shall be sold, that this duty shall be performed by his executioners." The right to use control and manage property is not enough of itself to invest the individual with a vendible estate therein, nor to give the right to pledge or charge such property for the payment of individual debts. The devise to Mrs. Sloan is qualified by these restrictive words, in the same sentence, and the reasons for the imposition of such restrictions are clearly and explicitly stated. It cannot be assumed that the testator intended by his will totally to disinherit his children during the life of his wife, in case she chose to remain a widow, yet such would be the legal effect of the construction insisted upon by the appellees.

To this it may be answered *that* that the testator's children were likewise the children of his sole devisee, and that he had confidence that her maternal affection would assure the faithful performance of his solemnly expressed wishes.

But if she has the power under the will to charge the estate for the payment of her individual debts, she by imprudent business transactions, although animated by the purest motives,

could have impoverished herself and reduced the infant children of her husband to absolute want—within a year or two after his death.

Again if the will is to be construed according to mere grammatical or technical rules of construction, if the wife took an estate of any kind in the property devised it was not a mere life estate but an estate in fee simple upon condition that she does not marry the second time, the proviso to the bequest to the wife is that in case she shall see proper to marry, she shall then take only one third of the estate for life with remainder over to the children. If she does not marry the proviso does not apply, and her estate becomes absolute notwithstanding the manifest intention of the testator to the contrary.

These difficulties are escaped by accepting what appears from the face of the will itself to have been the intention of the husband. Permit the wife to be as he intended the trustees of his estate with the right to use, control, manage and possess it for the purpose indicated by him so long as she remained a widow and in case she again marries let the trust cease, and let the estate be divided between her and her husband's children in the manner prescribed by law in cases of intestacy. Such a construction not only effectuates what must have been the intention of the testator, but is sustained both by reason and authority.

In the case of Milner vs. Calvert, 1st Metcalfe 474, the devise was to the wife to use as she thought best during her life time and should there be a surplus above her support, it was to be used by the executors of the will to the best advantage for the testator's children. It was held that the annual surplus was to be received and held by the executors. In this case the children are to be advanced after arriving at age, by the devisee in such amounts as she can spare without inconvenience to herself. These amounts can only be ascertained by permitting her to retain posession of the estate. Again, "if a gift in a will is expressed to be *for the benefit* of others, or to be at the disposal of the donee for herself and children, or *towards* her support and her family" equity will declare the trust and see that it is faithfully executed, it is only necessary that the fiduciary words be imperative and not leave it discretionary with the devisee to do

or not to do the thing indicated or desired, "Tiffany and Bullard, on Trusts, 18 & 19."

In this case the property is to be used, etc., in order to enable the devisee to rear and educate the children of the testator, and when this is done *"wants"* or desires her to give them such assistance as she can without inconvenience to herself. The term "want" which was doubtless used by the testator as synonymous with wish is undoubtedly as imperative as the term "desire," yet this word when used in wills is sufficient to indicate the intention of the testator either to pass an estate in fee, or to abridge or limit an estate for life. In the will under consideration it has when considered in connection with the entire writing the legal effect of raising a trust which equity will both enforce and protect. For these reasons we think the court erred in sustaining the demurrer to the appellant's petition and in dissolving the injunction. Wherefore the judgment is reversed and the cause remanded for further proceedings.

*Harcourt, Bullock & Anderson, for appellant.*
*Bullock & Davis, Barker, for appellee.*